**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| LIG GROUP, INC., *et al.*, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | *   Civil Action No. 8:25-cv-00513-PX |
| SALIL CHOUDHARY, | * |
| | * |
| Defendant. | * |
| | * |
| | *** |

**MEMORANDUM ORDER**

**I.    Background**

On February 18, 2025, pro se Plaintiffs Michael Hines and LIG Group, Inc. filed suit against Defendant Salil Choudhary.[1] ECF No. 1.  The Complaint is accompanied by a motion for leave to proceed in forma pauperis.  ECF No. 2.  Because Hines is indigent, the motion is granted.

Considering Hines' indigent status, the Court must screen the Complaint for sufficiency. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii).  The Court accepts the Complaint's factual allegations as true and most favorably to the Plaintiffs, and liberally construes the pleadings to permit any plausible claim to proceed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, the "Court must . . . dismiss claims . . . under Section 1915(e)(2) if the action is frivolous or malicious or fails to state a claim upon which relief may be granted." *Nwoga v. Karceski*, No. GLR-19-2899, 2019 WL 6310187, at *1 (D. Md. Nov. 22, 2019) (citing *Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2005)).

---

[1] Pursuant to Local Rule 101(a), "[a]ll parties other than individuals must be represented by counsel."  As of now, no attorney has entered an appearance on behalf of LIG Group, Inc. and thus, the corporation cannot proceed without counsel.  However, because the Court lacks jurisdiction to hear the case at all, *see infra*, the Court will not reach this issue.

1

Although not entirely clear from the Complaint, Plaintiffs appear to bring common law claims arising from a breach of contract. ECF No. 1 at 6. The Complaint, however, fails to make plausible that this Court retains subject matter jurisdiction over the case.

This Court, as one of limited jurisdiction, may hear only civil cases that implicate a federal question or are brought pursuant to the Court's diversity jurisdiction. *See Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); 28 U.S.C. §§ 1331, 1332. "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (emphasis omitted) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010).

Because the claims sound solely in state common law, no federal question jurisdiction exists. And for the Court to retain diversity jurisdiction, the amount in controversy must exceed $75,000 and there must be complete diversity among the parties such that no plaintiff is a citizen of the same state as any defendant. 28 U.S.C. § 1332(a); *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015). But here, according to the Complaint, the Defendant and Plaintiffs are all citizens of Maryland. ECF No. 1 at 2. Thus, complete diversity is clacking. The Complaint must be dismissed without prejudice. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

Accordingly, it is this 26th day of March 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Michael Hines' motion for leave to proceed in forma pauperis (ECF No. 2) IS GRANTED;

2. The Complaint (ECF No. 1) IS DIMISSED WITHOUT PREJUDICE for lack of

subject matter jurisdiction;

3. The Clerk is directed to CLOSE this case; and

4. MAIL a copy of this Order to the Parties.

                                                                  /S/
                                                        Paula Xinis
                                                        United States District Judge